### EL PUEBLO *v.* GARCÍA ET AL.

APELACIÓN procedente de la Corte de Distrito de San Juan·

No. 16.—Resuelto en Junio 3, 1903.

ALTERACIÓN DE LA PAZ.—MISDEMEANORS.—APELACIÓN.—El delito de alteración de la paz pública es *misdemeanor* y contra la sentencia que se dicte

469 of the Code of Criminal Procedure, application is made for a writ of *habeas corpus.*

*Mr. Falcón,* for petitioner.

*Mr. del Toro,* (Fiscal), for the People.

---

### THE PEOPLE *v.* GARCÍA ET AL.

### APPEAL from the District Court of San Juan.

No. 16.—Decided June 3, 1903.

APPEAL.—DISTURBING THE PEACE.—MISDEMEANOR.— The crime of disturbing the peace is a misdemeanor and no appeal lies to the Supreme Court from a judgment punishing the commission thereof.

imponiendo castigo por su comisión, no cabe apelación para ante el Tribunal Supremo.

ID.—Las disposiciones del párrafo tercero del artículo 347 del Código de Enjuiciamiento Criminal han de ser interpretadas con sujeción á lo dispuesto en el artículo 345 del mismo Código, que limita las apelaciones para ante el Tribunal Supremo á los casos por *felony*.

HABEAS CORPUS.—SENTENCIA DICTADA POR TRIBUNAL COMPETENTE.—En casos de Habeas Corpus no puede considerarse ninguna objeción que se haga contra la sentencia por virtud de la cual se encuentra detenido el peticionario, cuando dicha sentencia haya sido dictada por Tribunal de competente jurisdicción.

SENTENCIA.—EQUIVOCACIÓN EN CUANTO AL NOMBRE DEL ACUSADO.—El Tribunal inferior que al condenar á un acusado incurre en equivocación con respecto al nombre del mismo, no comete un error que justifique la revocación de la sentencia, si ésta declara que la persona condenada es la misma que fué acusada y juzgada en el caso sometido á su consideración, quedando la cuestión reducida simplemente á una cuestión de identidad y no de nomenclatura.

Los hechos están expresados en la opinión.

Abogado del apelante : *Sr. Ramos, (Juan R).*

Abogado del apelado : *Sr. del Toro*, Fiscal.

EL JUEZ ASOCIADO SR. MACLEARY, emitió la siguiente opinión del Tribunal :

La presente es un recurso de apelación interpuesto por Juan García y José Sierra, contra sentencia dictada por el Tribunal de Distrito de San Juan, en la causa en que los acusados fueron procesados por alteración de la paz, pidiendo dichos acusados, después, un auto de habeas corpus, que fué concedido, y en la vista de dicho auto el Tribunal se negó á ponerlos en libertad. Consta que los demandados interpusieron recurso de apelación contra ambas sentencias. En esta causa los demandados fueron acusados del delito de robo, ó robo con escalamiento, pero en el acto del juicio fueron absueltos de ese delito, y condenados por perturbación de la paz pública. El nombre de Jesús García aparece en los autos, algunas veces como Juan García y otras veces. como José García. Sobre estos dos extremos, después de haber sido declarados convictos y encarcelados los acusados, su abogado defensor Don Juan R. Ramos, presentó una solicitud ante el Tribunal de Distrito de San Juan, pidiendo un auto de habeas corpus, y consignando : Primero : que

ID.—FELONY.—The provisions of paragraph 3 of section 347 of the Code of Criminal Procedure should be construed in connection with the provisions of section 345 of the same Code which limit appeals to the Supreme Court to cases of felony.

HABEAS CORPUS.—VALID JUDGMENT.—A defendant will not be released on *habeas corpus* where the trial court had jurisdiction and the judgment was valid.

JUDGMENT.—ERROR IN NAME.—The trial court commits no reversible error when in sentencing a defendant a mistake is made in his name, if the judgment declares that he is the person accused and that he has been tried and convicted in the case under consideration, it being merely a question of identity and not of nomenclature.

The facts are set forth in the opinion.

*Mr. Ramos, (Juan R.),* for appellant.

*Mr. del Toro,* Fiscal, for respondent.

MR. JUSTICE MACLEARY, delivered the following opinion of the court:

This is an appeal taken by Juan García and José Sierra, from a judgment rendered by the District Court of San Juan, in a case wherein the defendants were prosecuted for disturbing the peace; said defendants subsequently applied for a writ of *habeas corpus* which was granted, and on the hearing the court refused to discharge them. It appears that the defendants took an appeal from both decisions. In this case the defendants were accused of the crime of robbery or burglary, but at the trial they were acquitted of that crime and convicted of disturbing the public peace. The name of Jesús García appears in the record sometimes as Juan García and at others as José García. Regarding these two points, after the conviction and imprisonment in jail of the defendants, their counsel, Juan R. Ramos, Esq., filed a petition in the District Court of San Juan, asking for a writ of *habeas corpus*, and setting out:

First.—That the defendants could not be accused of one crime and convicted of another; that they should have been either convicted or acquitted of the crime whereof they had been accused and of no other.

Second.—That the person sentenced to imprisonment and to pay the costs, was not Jesús Sierra, but José Sierra.

los demandados no podían ser acusados de un delito y declarados convictos de otro, que debían haber sido declarados convictos ó absueltos del delito del cual se les acusaba, y de ningún otro. Segundo: que no fué Jesús Sierra, sino José Sierra, quien fué condenado á prisión, y al pago de las costas. Al celebrarse la vista del auto de habeas corpus, el Tribunal decidió que bajo el artículo 286 de la Ley de Enjuiciamiento Criminal, estaba autorizado á condenar los demandados por la perturbación de la paz pública, en tanto que los absolviera del delito de robo, y que en cuanto al error con respecto al nombre, fué perfectamente probado que el individuo que se encontraba en la cárcel, era el verdadero reo, aunque su nombre fuera José Sierra, Juan Sierra ó Jesús Sierra. No consta que se hayan presentado más pruebas en cuanto al nombre verdadero del acusado, que su propia afirmación, y la de su abogado defensor. El abogado defensor alega que el artículo 286 se refiere solamente á causas sometidas á Jurados, y que mientras que un jurado tiene el poder de absolver á una persona del delito de que ha sido acusada, y declararla culpable de otro menor, comprendido en el mayor, un Tribunal no puede hacerlo. El Tribunal rehusó poner en libertad á los presos, según se había solicitado en la instancia en que se pidió el auto de habeas corpus, y contra esta órden, denegándoles la libertad, los referidos presos han interpuesto recurso de apelación para ante este Tribunal. De los autos no se desprende muy claramente si la intención era interponer el recurso contra la órden, denegándoles la libertad á los presos, bajo habeas corpus, ó contra la sentencia por la cual fueron declarados convictos. En efecto, se puede entender que la intención era seguir ambos recursos. En cuanto al recurso interpuesto contra la sentencia del Tribunal, declarando culpables á los acusados del delito de perturbación de la paz pública, y condenándolos á prisión y al pago de las costas, este Tribunal no es competente para resolverlo, puesto que dicho delito es solamente un delito menos grave, (*misde-*

At the hearing on the return of the writ of *habeas corpus*, the court decided that under section 286 of the Code of Criminal Procedure, it was authorized to find the defendants guilty of disturbing the public peace, while acquitting them of the crime of robbery, and that as to the error in the name, it had been clearly established that the person in jail was the real offender, whether he was called José Sierra, Juan Sierra or Jesús Sierra. It does not appear that any evidence was presented as to the real name of the defendant, other than his own assertion and that of his lawyer. Counsel for the defendant alleges that section 286 refers only to cases submitted to juries, and that while a jury may acquit a person of the offense wherewith he has been charged, and find him guilty of a lesser one, included in the greater, a court can not do so. The court refused to discharge the prisoners, as had been requested in the application for the writ of *habeas corpus*, and from this order, denying the writ, the aforesaid prisoners have taken an appeal to this court.

From the record it is not made very clear whether the intention was to appeal from the order refusing to release the prisoners, under the writ of *habeas corpus*, or from the judgment finding them guilty. Indeed, it may be inferred that the intention was to pursue both appeals. As to the appeal from the judgment of the court which found the defendants guilty of the crime of disturbing the public peace, and sentenced them to imprisonment and payment of costs, this court is not competent to determine the same, inasmuch as such a crime is only a misdemeanor, over which offenses this court has no jurisdiction, as has been definitely held in decisions heretofore rendered. It appears that the court was under the impression that inasmuch as it had made an order, after rendering judgment in the case, which might be considered prejudicial to the defendants, the appeal could be taken under paragraph 3 of section 347 of the Code of Criminal Procedure; but this paragraph

*meanor*) sobre cuyos delitos este Tribunal no tiene jurisdicción, según se ha establecido definitivamente en decisiones anteriores. Parece que el Tribunal estaba bajo la impresión de que puesto que se había expedido una órden después de haberse pronunciado la sentencia en la causa, que pudiese estimarse perjudicial á los demandados, habría lugar al recurso bajo el tercer párrafo del artículo 347 del Código de Enjuiciamiento Criminal, pero este párrafo, lo mismo que todos los demás con respecto á recursos de apelación, se rige por el artículo No. 345, el cual limita recursos para ante este Tribunal, á casos de *felony*. No importa, pues, si la sentencia del Tribunal era acertada en declarar culpables á los demandados de un delito inferior, en lugar del delito del cual se les acusaba. Tal declaración, si no era acertada, era solamente un error que no hace nula la sentencia en esta causa, sino solamente errónea, cuando más. Sin embargo, si fuese necesario decidir el asunto, yo diría, de acuerdo con el Tribunal inferior, que podría declararse á los acusados culpables del delito menos grave, ó sea de perturbación de la paz, por cuanto dicho delito está comprendido en el del que se les acusa; á saber: robo. Al considerar el recurso de apelación, interpuesto contra la orden dictada con respecto á habeas corpus, no podemos tomar en consideración la objeción presentada contra el error de la sentencia, por cuanto el Tribunal de Distrito era competente para dictar dicha sentencia, y ésta no era nula. Después de lo dicho, queda solamente un extremo que considerar, y este es, si es, ó no, el error con respecto al nombre del demandado, suficiente para hacer la sentencia inaplicable al mismo, y para hacer preciso el que se le pusiera en libertad. El Tribunal claramente declara en la sentencia que él es la persona que fué acusada, y que fué juzgada y condenada en la causa que ocupa al Tribunal; y tratándose puramente de una cuestión de identidad y no de nomenclatura, el Tribunal se negó á poner en libertad á dicho individuo, y lo volvió á poner bajo la custodia del Alcaide. Este Tribunal ha

like all the others referring to appeals, is governed by section 345, which limits appeals to this court to cases of felony. It does not matter, then, whether the judgment of the court was correct in finding the defendants guilty of a lesser offense, instead of the one whereof they had been accused. Such a finding, if not correct, was only an error, which does not render the judgment void in this case, but only erroneous at most. However, were it necessary to decide this matter I should say, approving the decision of the trial court, that the defendants could be found guilty of a lesser crime, or disturbance of the public peace, inasmuch as said offense is included in the one whereof they are accused, namely, robbery. In considering the appeal from the order made with respect to the writ of *habeas corpus*, we can not consider the objection presented to the error of the judgment, inasmuch as the district court was competent to render said judgment, and the same was not void.

After what has been said, there remains only one point to consider, that is to say whether or not the error regarding the defendant's name is sufficient to make the judgment inapplicable to him, and render his release necessary. The court clearly declares in the judgment, that he is the person accused, and that he had been tried and convicted in the case under consideration; and inasmuch as this is merely a question of identity and not of nomenclature, the court refused to release the prisoner, and again committed him to the custody of the warden.

This court has carefully examined the record and fails to find any error of law whether urged by counsel or not, and considering the merits of the case, and all the objections made, this court is of opinion that the judgment of the district court should be affirmed and enforced. Therefore, the judgment of this court shall be rendered in accordance with the foregoing.

*Affirmed.*

Messrs. Chief Justice Quiñones, and Associate Justices Hernández, Figueras and Sulzbacher, concurring.

revisado los autos cuidadosamente, sin encontrar ninguna infracción de ley, señalada ó no que fuera por el abogado defensor, y considerando los méritos de la causa, y todas las objeciones que se han hecho, este Tribunal es de la opinión que debe confirmarse y hacerse cumplir la sentencia del Tribunal de Distrito. De consiguiente, la sentencia de este Tribunal se dictará según lo anteriormente expuesto.

*Confirmada.*

Jueces concurrentes: Sres. Presidente, Quiñones, y Asociados, Hernández, Figueras, y Sulzbacher.